**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-484-GCM
3:03-cr-134-GCM-1**

| | |
|---|---|
| JAPLIN CURETON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

On October 8, 2004, Petitioner was convicted of conspiracy to possess with intent to distribute and distribution of cocaine, and cocaine base, in violation of 21 U.S.C. §§ 846 & 841. Petitioner was sentenced to 262-months' imprisonment. (3:03-cr-134, Doc. No. 125: Judgment in a Criminal Case at 1-2). Petitioner filed a direct appeal but it was later dismissed on his own motion. United States v. Cureton, No. 04-4901 (4th Cir. filed June 27, 2005) (unpublished).

Next, Petitioner filed a motion under Section 2255 challenging his criminal judgment. This motion was dismissed after the Court found that it was untimely under the provisions of Section 2255(f). (3:07-cv-213-FDW, Doc. No. 3). Petitioner filed a notice of appeal that was dismissed by the Fourth Circuit and the Court's disposition of the first Section 2255 was affirmed. United States v. Cureton, No. 07-6938 (4th Cir. filed Aug. 30, 2007) (unpublished).

On August 3, 2012, Petitioner filed the present motion under Section 2255, again challenging his criminal judgment. The Court finds that the present motion is a successive

1

motion under Section 2255, and there are statutory limits which prohibit the present effort, absent express authorization.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, therefore this Court is without jurisdiction to consider the merits of this successive Section 2255 motion and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** without prejudice as an unauthorized, successive Section 2255 motion. (3:12-cv-484-GCM, Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the

dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 28, 2012

Graham C. Mullen
United States District Judge